The opinion of the court was delivered by
Breaux, J.
The accused was tried on an information, and was convicted of shooting with intent to murder.
From the sentence condemning him to hard labor during twenty-one years he appeals, on the grounds that the information is bad for duplicity; that two or more distinct and substantive offences are charged in one count, viz: Assault with a dangerous weapon; wounding less than mayhem; shooting with intent to murder; that a verdict for either of the former would not be responsive to an indictment for the latter.
It is also alleged by the accused that the trial judge erred in admitting the testimony of the wife of the accused.
She was the person upon whom the offence was committed.
A correct appreciation of the charge presented is necessary; for the accused contends that he is also indicted for wounding less than mayhem, when it is evident that he is not.
The charging portion of the information sets forth that the accused, with force and arms upon one Susanna Parker, in the peace of the State then being, did feloniously make an assault with a dangerous weapon, to-wit: a pistol, and did then and there wilfully and feloniously shoot and wound her the said Susanna Parker, wilfully, feloniously and of his malice aforethought, to kill and murder her the said Susanna Parker.'
In so far as relates to the defence urged that the information contains the charge of wounding less than mayhem it at once fails, for the information does not contain that charge.
By no construction or implication can it be made to appear that wounding less than mayhem is one of the crimes for which the accused stands charged. The Words descriptive of that crime are not part of the information, and therefore it does not present an issue in the case.
*974 Shooting with intent to murder and assault with a dangerous weapon are charged in the count.
The question remains for decision: Can they be included in one count ?
While it is generally true that two offences, even of the same collective or generic class, can not be included in one count, an exception necessarily arises when the greater offence charged includes a lesser, which occurred at the same time, and which is part of the same act and entirely germane.
Shooting with intent to murder includes an assault with a danger- ' ous weapon.
In proving the former charge, the latter must be proven.
The allegation of assault with a dangerous' weapon, whether omitted or inserted, is of no moment to the prosecution.
By inserting,-as in this case, the accused was not lead into the least error, nor his rights in any manner impaired, but, on the con - trary, he was more particularly notified of the offence for which he was tried.
The question is by no means res nova. It has some time since been decided that an information is not defective or vicious because it contains a description how the crime was committed, and for that purpose mentions á minor crime punishable' by law. State of Louisiana vs. Collins and Kinney, 33 An. 153.
It has uniformly been held that where the acts chax-ged are germane to each other and to the main charge, and constitute but one affair and one offence, that although included in one count, it is not amenable to duplicity. State of Louisiana vs. Vernon Hendricks, 38 An. 683; 1 Bish. Cr. Pr., Secs. 439, 449.
The charge of repugnancy is equally as erroneous.
There is a repetition of certain words in the information which does not vitiate it, and which could not create an instant’s confusion in answering to the charge as made. A bill of exception was taken to the admissibility of the wife’s testimony.
The injured person is the wife of the accused.
The common law authorities admit the testimony of the wife against the husband for the purpose of proving the crime committed by him on her person. The law’s purpose in excluding the testimony is to respect and protect relations of faith, reliance and confidence between the spouses.
*975 When one attempts to destroy the other, the great necessity and importance of the exclusion no longer exist.
The rules of evidence in the prosecution of crimes shall be according to the common law, unless otherwise provided. Acts of 1805, p. 440.
Where a crime has been committed on the person of the wife, she is a competent witness.
The statute excluding the testimony of the wife or the husband for or against each other in civil cases is not a statute of exclusion of the wife’s testimony in a case of the character of the one at bar.
There being no direct enactment excluding the wife’s testimony when necessary to prove that her husband has attempted to taka her life, it was properly admitted. Wharton’s Criminal Law, p. 360; Bishop Or. Pr., Vol. 1, Sec. 1153; Berts’ Principles of Evidence, Sec. 176.
A jury has found the defendant guilty of shooting with intent to murder his wife.
The questions, of law presented on appeal are not such as would justify us in setting aside the verdict and sentence.
Judgment affirmed.